GREGORY E. GALTERIO (0787)
600 Third Avenue
New York, New York 10016
Tel: (212) 687-3000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MR. & MRS. "JOHN DOE",

                          Plaintiffs,

                          CASE NO. 08 CV 1511 (LDW)

    vs.

AMERICAN EXPRESS, EQUIFAX INFORMATION    **VERIFIED ANSWER AND**
SERVICES, INC., TRANSUNION and EXPERIAN,    **COUNTERCLAIM**

                          Defendants.
----------------------------------------------------------------X

       Defendant, AMERICAN EXPRESS, by its attorneys, Jaffe & Asher LLP, hereby Answers the Complaint of Plaintiff as follows:

       1.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' complaint.

       2.     Defendant denies each and every allegation contained in Paragraph 2 of Plaintiffs' complaint except to admit that American Express Centurion Bank is a bank organized and existing under the laws of the State of Utah.

       3.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' complaint.

       4.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' complaint.

       5.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' complaint.

6. Defendant denies each and every allegation contained in paragraph 6 of Plaintiffs' complaint and avers that Plaintiff was the holder of American Express credit card account 3728-344327-96003 with a balance due and owing of $8,618.95.

7. Defendant denies each and every allegation contained in Paragraph 7 of Plaintiffs' complaint.

8. The allegation contained in paragraph 8 of Plaintiffs' Complaint contains a statement of law and not fact, which does not require an answer. To the extent that paragraph 8 of Plaintiffs' Complaint contains a statement of fact, American Express denies the allegation contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiffs' complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' complaint.

12. Defendant denies each and every allegation contained in Paragraph 12 of Plaintiffs' complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

16. In response to numbered paragraph 16 of Plaintiffs' complaint, American Express repeats its above answers to Paragraphs 1 through 15 of the complaint as if fully set forth herein.

17. Defendant denies each and every allegation contained in Paragraph 17 of Plaintiffs' complaint.

18. Defendant denies each and every allegation contained in Paragraph 18 of Plaintiffs' complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

19. In response to numbered paragraph 19 of Plaintiffs' complaint, American Express repeats its above answers to Paragraphs 1 through 18 of the complaint as if fully set forth herein.

20. Defendant denies each and every allegation contained in Paragraph 20 of Plaintiffs' complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

21. In response to numbered paragraph 21 of Plaintiffs' complaint, American Express repeats its above answers to Paragraphs 1 through 20 of the complaint as if fully set forth herein.

22. Defendant denies each and every allegation contained in Paragraph 22 of Plaintiffs' complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

23. In response to numbered paragraph 23 of Plaintiffs' complaint, American Express

repeats its above answers to Paragraphs 1 through 22 of the complaint as if fully set forth herein.

24. Defendant denies each and every allegation contained in Paragraph 24 of Plaintiffs' complaint.

25. Defendant denies each and every allegation contained in Paragraph 25 of Plaintiffs' complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by the doctrine of estoppel.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by the doctrine of waiver.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by Plaintiffs' wrongful conduct.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by the doctrine of unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to reasonably mitigate their damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by the statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are entitled to any recovery from American Express, such

amounts should be reduced and offset by the damages suffered by American Express.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiffs, by their conduct, waived any claims they may have.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Federal law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by Plaintiffs' own breach of contract.

## COUNTERCLAIMS

### The Parties

1. At all relevant times, Defendant American Express Centurion Bank (hereinafter referred to as "Centurion Bank") was and is a bank chartered under the laws of the State of Utah with a place of business at American Express Tower, World Financial Center, New York, New York 10285.

2. At all relevant times, Defendant, American Express Travel Related Services Company, Inc. (hereinafter referred to as "AMTRS") was and is a corporation organized and existing under the laws of the State of New York whose principal place of business is located at American Express Tower, World Financial Center, New York, New York 10285.

3. Upon information and belief, at all relevant times, Plaintiff, Thomas Liotti (hereinafter referred to as "Liotti"), was and is an individual who resides in the State of New York.

## Facts

**A.    The American Express Gold Card Account**

4.     At all relevant times, Liotti was the holder of an American Express Gold Card (the "Gold Card") that enabled him to charge items to an American Express Gold Card Account (Account No. 3728-344327-96003) (the "Gold Account").

5.     At all relevant times, Plaintiff was the basic cardmember on the Gold Account, and thus is responsible for paying all amounts charged to the Gold Account.

6.     By accepting and using the Gold Card, Liotti agreed to all of the terms and conditions set forth in the Agreement between Gold Card Member and American Express Travel Related Services Company, Inc. (the "Gold Agreement").

7.     The terms and conditions of the Gold Agreement include the following:

   (a)    Liotti agreed to be responsible for paying all amounts charged to the Gold Account.

   (b)    Liotti agreed that payment for all charges to the Gold Account is due immediately upon receipt of the billing statement mailed by American Express.

   (c)    Liotti agreed that American Express may impose late fees in amounts as set forth in the Gold Agreement.

   (d)    Liotti further agreed that he would pay all court costs plus reasonable attorneys' fees if American Express must refer the Gold Account to an attorney who is not its employee.

6

8. In connection with the Gold Agreement, Centurion Bank offered a deferred payment feature whereby Liotti (as the "basic cardmember," as that term is defined in the Gold Agreement) could use a Sign & Travel Account to defer payment of certain charges made to the Gold Account (the "S & T Gold Account").

9. By using the S & T Gold Account, Liotti agreed to all of the terms and conditions set forth in the Sign & Travel And/Or Extended Payment Option Agreement (the "S & T Gold Agreement").

10. Pursuant to the terms of the S & T Gold Agreement:

   (a) Plaintiff agreed to make the "Minimum Payment" (as that term is used in the S & T Gold Agreement) due each month for charges that were deferred to the S & T Gold Account.

   (b) Plaintiff agreed that if the Gold Account was not paid in accordance with the Gold Agreement, Centurion Bank may require immediate payment of any charges transferred from the Gold Account to the S & T Gold Account.

   (c) Plaintiff agreed that if the Gold Account was not paid in accordance with the Gold Agreement, Centurion Bank may require immediate payment of any charges transferred from the Gold Account to the S & T Gold Account.

   (d) Plaintiff further agreed that finance charges, at rates set forth in the S & T Gold Agreement, would be assessed on any outstanding balance from the closing date indicated on the billing statement and on future charges, from the date in which the charge is posted to the S & T Gold Account, until the billing period in which payment is received in full.

11.     Liotti used the S & T Gold Account to defer payments of certain charges made to the Gold Account for which payment was never made.

12.     American Express sent, and Plaintiff received a copy of the Gold Agreement and S & T Gold Agreement when he received his Gold Card.

## The Defaults

### A.     The Gold Account Default

13.     Liotti used the Gold Card to charge various items to the Gold Account for which payment was never made.

14.     American Express sent monthly statements (the "Gold Statements") to Liotti for the Gold Account, which showed the balance due on the Gold Account and the S & T Gold Account.

15.     In violation of the Gold Card Agreement requiring payment in full of the balances due on the Gold Account, Liotti has failed and refused to make the payments to American Express as set forth in the Gold Statements. As a result, American Express suspended Liotti's charge privileges on the Gold Account.

16.     The current aggregate balance with respect to the Gold Account owed by Liotti to American Express is $8,618.95.

17.     Of the aggregate outstanding, overdue, and unpaid balance owed by Liotti to American Express set forth above, Liotti transferred $6,971.69 to his S & T Gold Account, leaving an outstanding Gold Account balance of $1,647.26.

18. Thus, the total outstanding, overdue and unpaid balance owed by Liotti to Centurion Bank on the S & T Gold Account is $6,971.69.

19. The current balance with respect to the Gold Account owed by Liotti to AMTRS is $1,647.26.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract: Gold Account)

20. Defendants repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this complaint as though fully set forth at length herein.

21. In violation of the Gold Card Agreement requiring payment in full of the balances due on the Gold Account, Plaintiff has failed and refused to make the payments to American Express as set forth in the Gold Statements. As a result, American Express suspended Plaintiff's charge privileges on the Gold Account

22. Plaintiff agreed to pay for all items charged to the Gold Account. In addition, Plaintiff agreed to pay AMTRS late fees, court costs, and reasonable attorneys' fees in the event that AMTRS referred the Gold Account to an outside attorney for collection.

23. As set forth above, Plaintiff is indebted to AMTRS for unpaid charges in the amount of $1,647.26.

24. Despite due demand, Plaintiff has failed and refused to pay AMTRS any portion of the amount due and owing.

25. As a result of Plaintiff's failure to pay the amount that he owes, AMTRS referred its claim against Plaintiff to an outside attorney for collection, and thus it is entitled to collect from Plaintiff reasonable attorneys' fees.

26. By reason of the foregoing, AMTRS is entitled to judgment against Plaintiff for breach of contract in the sum of $1,647.26 plus reasonable attorneys' fees, court costs and prejudgment interest.

## AS AND FOR A SECOND CAUSE OF ACTION
(Account Stated: Gold Account)

27. Defendants repeat and reallege each and every allegation contained in paragraphs 1 through 26 of this complaint as though fully set forth at length herein.

28. AMTRS duly issued and sent to Plaintiff the Gold Statements, which set forth in detail all items charged to the Gold Account and the total amount due and owing by Plaintiff to AMTRS on the Gold Account.

29. Plaintiff received the Gold Statements without protest and neither objected to them nor indicated that they were erroneous in any respect. Plaintiff thereby acknowledged that the debt owed to AMTRS, as set forth in the Gold Statements, is true and correct.

30. By reason of the foregoing, AMTRS is entitled to judgment against Plaintiff for an account stated in an amount to be determined at trial, plus reasonable attorneys' fees, court costs and prejudgment interest.

## AS AND FOR A THIRD CAUSE OF ACTION
(Unjust Enrichment: Gold Account)

31. Defendants repeat and reallege each and every allegation contained in paragraphs 1 through 30 of this complaint as though fully set forth at length herein.

32. Plaintiff benefited from all of the charges made to the Gold Account, has acknowledged receipt of those benefits, and has failed to pay for same.

33. Given Plaintiff's failure to make payment for the outstanding balance owed with respect to the Gold Account, and the fact that Plaintiff was the beneficiary of all items charged to the Gold Account, Plaintiff would be unjustly enriched to AMTRS' detriment unless judgment is entered against him for the full balance due and owing on the Gold Account.

34. As set forth above, Plaintiff has been unjustly enriched to AMTRS' detriment.

35. By reason of the foregoing, AMTRS is entitled to judgment against Plaintiff for unjust enrichment in an amount to be determined at trial, plus court costs and prejudgment interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of Contract: Gold S & T Account)

36. Defendants repeat and reallege each and every allegation contained in paragraphs 1 through 35 of this complaint as though fully set forth at length herein.

37. In violation of the S & T Gold Agreement requiring a minimum payment due on the S & T Gold Account, Plaintiff has failed and refused to make the minimum payments to American Express as set forth in the Gold Statements. As a result, American Express suspended Plaintiff's charge privileges on the S & T Gold Account.

38. Plaintiff agreed to pay for all items charged to the S & T Gold Account. In addition, Plaintiff agreed to pay Centurion Bank late fees, court costs, and reasonable attorney's fees in the event that Centurion Bank referred the Gold S&T Account to an outside attorney for collection.

39. As set forth above, Plaintiff is indebted to Centurion Bank for unpaid charges in the amount of $6,971.69.

40. Despite due demand, Plaintiff has failed and refused to pay Centurion Bank any portion of the amount due and owing.

41. As a result of Plaintiff's failure to pay the amount that she owes, Centurion Bank referred its claim against Plaintiff to an outside attorney for collection, and thus it is entitled to collect from Plaintiff reasonable attorneys' fees.

42. By reason of the foregoing, Centurion Bank is entitled to judgment against Plaintiff for breach of contract in the sum of $6,971.69, plus reasonable attorneys' fees, court costs and prejudgment interest.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Account Stated: Gold S & T Account)

43. Defendants repeat and reallege each and every allegation contained in paragraphs 1 through 42 of this complaint as though fully set forth at length herein.

44. Centurion Bank, by its agent, American Express, duly issued and sent to Plaintiff the Gold Statements, which set forth in detail all items charged to the S & T Gold Account and the total amount due and owing by Plaintiff to Centurion Bank on the S & T Gold Account.

45. Plaintiff received the Gold Statements without protest and neither objected to them nor indicated that they were erroneous in any respect. Plaintiff thereby acknowledged that the debt owed to Centurion Bank, as set forth in the Gold Statements, is true and correct.

46. By reason of the foregoing, Centurion Bank is entitled to judgment against Plaintiff for an account stated in an amount to be determined at trial, plus reasonable attorneys' fees, court costs and prejudgment interest.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Unjust Enrichment: Gold S & T Account)

47. Defendants repeat and reallege each and every allegation contained in paragraphs 1 through 46 of this complaint as though fully set forth at length herein.

48. Plaintiff benefited from all of the charges that he made to the Gold S & T Account, has acknowledged receipt of those benefits, and has failed to pay for same.

49. Given Plaintiff's failure to make payment for the outstanding balance owed with respect to the Gold S & T Account, and the fact that Plaintiff was the beneficiary of all items to the Gold S & T Account, Plaintiff would be unjustly enriched to Centurion Bank's detriment unless judgment is entered against him for the full balance due and owing on the Gold Account.

50. As set forth above, Plaintiff has been unjustly enriched to Centurion Bank's detriment.

51. By reason of the foregoing, Centurion Bank is entitled to judgment against Plaintiff for unjust enrichment in an amount to be determined at trial, plus court costs and prejudgment interest.

**WHEREFORE**, American Express Travel Related Services Company, Inc. requests judgment against Plaintiff Thomas Liotti as follows:

i. That the complaint be dismissed with prejudice;

    ii. on the first cause of action of the counterclaim, defendant AMTRS requests judgment in the amount of $1,647.26, plus reasonable attorneys' fees;

    iii. on the second causes of action of the counterclaim, defendant AMTRS requests judgment in an amount to be determined at trial, plus reasonable attorneys' fees;

    iv. on the third cause of action of the counterclaim, defendant AMTRS requests judgment in an amount to be determined at trial;

    v. plus court costs and prejudgment interest;

    vi. for such other and further relief as this Court deems just and proper.

**WHEREFORE**, American Express Centurion Bank requests judgment against Plaintiff Thomas Liotti as follows:

    vii. on the fourth cause of action of the counterclaim, defendant Centurion Bank requests judgment in the sum of $6,971.69, plus reasonable attorneys' fees;

    viii. on the fifth cause of action of the counterclaim, Centurion Bank requests judgment in an amount to be determined at trial, plus reasonable attorneys' fees;

    ix. on the sixth cause of action of the counterclaim, Centurion Bank requests judgment in an amount to be determined at trial;

    x. plus court costs and prejudgment interest;

      xi.  for such other and further relief as this Court deems just and proper.

Dated: New York, New York
      September 4, 2008

**JAFFE & ASHER LLP**

_____
Gregory E. Galterio (0787)

600 Third Avenue
New York, New York 10016
212-687-3000